CUESTA, PLAINTIFF AND APPELLANT, *v.* ORTIZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in an Action of Unlawful Detainer.

No. 2456.—Decided May 23, 1921.

UNLAWFUL DETAINER—SUFFERANCE—LEASE—PURCHASE OF LEASED PROPERTY.—
    When a property is leased and the contract is not recorded in the registry a

purchaser of the property who does not bind himself to respect the contract
of lease, although he may know of its existence, is not bound by its terms
and if the lessee does not agree to deliver the property to him he may bring
against the lessee an action of unlawful detainer in the proper district court,
for there being no contract, the possession of the lessee is as if he held the
property at sufferance and there is no question of the amount of the annual
rent.

The facts are stated in the opinion.

*Mr. R. Sancho Bonet* for the appellant.

*Mr. E. Ponsa Parés* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Juan Cuesta Prieto brought an action of unlawful detainer against Carmelo Ortiz, alleging that he was the owner of a house in Cataño which he had purchased on January 21, 1921; that the defendant, who occupied the house, had been requested in writing to vacate it before the 15th of February following; that the defendant did not vacate the house and continues to occupy it without any contract or agreement, against the will of the owner, the plaintiff, and without paying any rent. The complaint was filed originally in the District Court of San Juan on the 11th of March, 1921.

The defendant answered that he has occupied the house in question for more than a year and has paid a monthly rent of sixty-five dollars up to February 28, 1921; that on January 21 the plaintiff notified him that he had purchased the house and requested him to vacate it or pay him a monthly rent of one hundred and fifty dollars, and that "by changing the amount of the rent the plaintiff became subrogated to the lessor in the contract of lease existing between the former owners of the house and the defendant." And the defendant further maintained "that the occupation of the house not being at sufferance," the complaint should be dismissed.

There were admitted in evidence two letters written by the plaintiff to the defendant on January 20 and February

17, 1921, respectively, the pertinent parts of which are as follows:

"I hereby notify you that having purchased the house which you are occupying and being in urgent need of using it, I earnestly request you to vacate the same before the 15th of February, 1921, which will greatly oblige me.

"In case you should not have vacated it on the said date, please take notice that the rent from that date will be ($150) one hundred and fifty dollars a month.

"But as I want to use the house on that date, I repeat my request that you vacate it.

"Awaiting your acknowledgment of this letter, I remain, yours very truly,".

"The object of this letter is to inform you that inasmuch as you have not appreciated my liberality in allowing you twenty-five days within which to vacate my house which you are occupying and which I need very urgently, I hereby notify you that I terminate the contract of lease which you had with the former owner of the house, to take effect on the last day of February."

The district court gave judgment against the plaintiff on the ground that possession at sufferance by the defendant had not been proved, and the plaintiff thereupon took the present appeal.

In explanation of the view taken by him, the trial judge in his opinion said:

"Under these circumstances the court could arrive at no other conclusion. It has not been proved that the defendant occupies the house without any contract or agreement, without paying any rent, or against the will of the plaintiff, for supposing that the defendant did not vacate the property on the day fixed by the plaintiff in his notice, the latter would have the right to exact the payment of the $150 monthly which he had fixed as the rent, for which reason the precarious character of the possession, if it existed at any time, has been changed. The plaintiff could have accomplished his purpose if the action had been based on the termination of the contract, but not by basing it on precarious possession which has not been proved."

In the case of *López* v. *Central Eureka, Inc.,* 27 P. R. R. 271, this court held that if the purchaser of a leased property, when the lease is not recorded in the registry of property, does not agree to respect the lease, although he may have knowledge of it, he is not bound by the terms of the lease and may bring an action of unlawful detainer against the lessee in case the latter refuses to surrender the property to him. This doctrine is plainly applicable to the present case, because although the purchaser gave the defendant an opportunity to continue in possession of the property by paying a rent of one hundred and fifty dollars a month, the defendant not only failed to accept the offer, but the evidence shows that he rejected it. It appears from the transcript that the defendant deposited with the clerk of the Municipal Court of Bayamón the sum of sixty-five dollars, stating that it represented the rent for the month of February, 1921. The defendant had to pay sixty-five dollars under the old contract which the purchaser was not bound to respect and which did not exist as to him. If the defendant had paid the new owner the one hundred and fifty dollars demanded by him, or had deposited that amount according to law, his situation would be different.

This being so, the case should be governed by the principles laid down in the case of *Sosa* v. *Río Grande Agrícola Co., Ltd.,* 17 P. R. R., 1106, as follows:

"District courts have jurisdiction to take cognizance of an action of unlawful detainer instituted by the purchaser of an estate leased under a private contract; this not falling within the exceptions set out in section 1474 of the Civil Code, because the possession of the lessee is equivalent to possession by sufferance and the question of the amount of the annual rental does not arise."

The case is different from that of *Cerra* v. *González, ante,* page 270. In that case the owner was not a new owner, but the same one who had joined in the contract by virtue of

which the lessee had lawfully entered into possession of the property.

It having been shown, therefore, that the defendant occupied the property in question against the express will of the owner; that there was no contract between the owner and the defendant; that the latter had paid no rent since the first of February, 1921; that the action was brought on March 11, 1921, after written notice had been given to the defendant in January to vacate the property, giving him twenty-five days in which to do so; that the same was insisted upon, but unsuccessfully, in the letter of February 17, 1921, the judgment of eviction prayed for should have been given for the reason alleged.

The judgment appealed from should be reversed and another entered sustaining the action of unlawful detainer.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.